ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| MIGUEL A. RODRÍGUEZ GONZÁLEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500065 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA1000-463-26<br><br>Sobre: Solicitud de bonificaciones |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Comparece ante nos el Sr. Miguel A. Rodríguez González (señor Rodríguez González o Recurrente), mediante un recurso de revisión judicial. Del expediente surge que, el 29 de septiembre de 2024, el Recurrente, quien es miembro de la población correccional, solicitó a la División de Remedios Administrativos que le otorgara las bonificaciones a las que dice tener derecho, al amparo de la Ley Núm. 87 de 4 de agosto de 2020 (Ley Núm. 87).[1] El aludido estatuto enmendó el Artículo 11 del *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, para que los miembros de la población penal que cualifiquen reciban bonificaciones por buena conducta y asiduidad.

En lo que nos atañe, el señor Rodríguez González alegó que recibió copia de su petición el 18 de octubre de 2024, según surge del sello del documento. Ahora bien, expresó: "[Y], desde entonces, como está descrito en [el] epígrafe, a esta fecha, 20 de Dic. de 2024,

---

[1] Véase, *Solicitud de Remedio Administrativo GMA1000-463-24* en el Apéndice.

Número Identificador

SEN2025_____

el Demandante [*sic*] nunca recibió la Respuesta a su reclamo".[2] Es decir, según los dichos del Recurrente, el Departamento de Corrección y Rehabilitación (DCR o Recurrido) no ha emitido una determinación final de la solicitud realizada.

Como se sabe, el Artículo 4.006 (c) de la Ley Núm. 201 de 22 de agosto de 2003, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y, dispone que el Tribunal de Apelaciones acogerá, como cuestión de derecho, "las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas". (Énfasis nuestro). Cónsono con lo anterior, la Sección 4.6 de la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9676, establece que "[e]l Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas". (Énfasis nuestro). En armonía, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, dispone que "[u]na parte adversamente afectada por una **orden o resolución final** de una agencia y que **haya agotado todos los remedios** provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones**, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia…". (Énfasis nuestro). Finalmente, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B establece que "[e]l escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la **orden o resolución final del organismo o agencia**". (Énfasis nuestro).

---

[2] Refiérase a la pág. 4 del recurso.

Es decir, esta curia está autorizada a revisar judicialmente aquellas órdenes o resoluciones finales. Nuestro alto foro ha particularizado que el dictamen final es aquel "que pone fin a todas las controversias dilucidadas ante la agencia y cuyo efecto es sustancial sobre las partes". *AAA v. UIA*, 199 DPR 638, 658 (2018), que cita con aprobación a *A.R.Pe. v. Coordinadora*, 165 DPR 850, 867 (2005). A tales efectos, "los tribunales se abstendrán de evaluar la actuación de la agencia hasta tanto la persona o junta que dirija esa **entidad resuelva la controversia en su totalidad**". (Énfasis nuestro). *A.R.Pe. v. Coordinadora, supra*, pág. 867. Es imperante que la agencia especializada culmine todo el proceso. De esta manera, se evita una intervención judicial innecesaria y a destiempo que interfiera con el cauce y desenlace normal del proceso administrativo. *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004).

Claro está, de conformidad con la Sección 4.3 de la LPAUG, 3 LPRA sec. 9673, este foro revisor podrá relevar a un peticionario de tener que agotar los remedios administrativos provistos si tal requerimiento resultare en un daño irreparable; o cuando se alegue la violación sustancial de derechos constitucionales; o cuando sea inútil agotar los remedios administrativos por la dilación en los procedimientos; o cuando la agencia adolezca de jurisdicción; o cuando sea un asunto de derecho, en que la pericia administrativa no es necesaria.

Ponderados los planteamientos del señor Rodríguez González y el Derecho aplicable antes expuesto, determinamos eximir a la parte recurrida de presentar su alegato, por virtud de la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B)(5). Al amparo de la aludida norma procesal, este foro revisor tiene la facultad de prescindir de escritos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

En la presente causa, el Recurrente no expone un señalamiento de error en concreto. Empero, de su escrito podemos colegir que nos invita a que apliquemos las bonificaciones que provee la Ley Núm. 87 a la sentencia que extingue.[3] Ciertamente, esa determinación sólo puede ser realizada por el DCR. El Recurrido es el ente experto en la materia, el que cuenta con el expediente del Recurrente y quien conoce si éste es o no merecedor de las bonificaciones por buena conducta y asiduidad que provee la Ley Núm. 87. Huelga decir que, una vez se dicte dicha determinación en el foro administrativo, ésta constituirá la orden o resolución final sujeta a nuestra revisión judicial. Por ello, compelimos al DCR a responder al Recurrente la Solicitud de Remedio GMA1000-463-24, en observancia a su debido proceso de ley.

En fin, debido a que el caso del título se encuentra aún en el proceso administrativo y no se ha emitido una decisión final, este tribunal revisor carece de jurisdicción. Ello así, porque la causa presente tampoco satisface ninguna de las excepciones que la LPAUG consigna para poder relevar al Recurrente de agotar los remedios administrativos. Por el contrario, el DCR no sólo es el organismo con jurisdicción para conceder o denegar el remedio solicitado, sino que también es la agencia, cuya pericia administrativa es imprescindible.

En consecuencia, procede decretar la ausencia de jurisdicción y desestimar el recurso de revisión judicial, sin entrar en los méritos de la controversia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Véase, *Sentencia* en los casos K VI2022G0014 y K LA2022G0161 en el Apéndice.